# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**GHTG INVESTMENT, LLC**, and
**GREG E. LINDBERG**,

    Plaintiffs,

v.                                                 Case No. 8:24-cv-490-WFJ-CPT

**THE ECL TRUST**, and
**HUGH STEVEN WILSON**,

    Defendants.

_____/

## ORDER

Before the Court is GHTG Investment, LLC, and Greg Lindberg's (collectively, "Plaintiffs") Motion for Limited Jurisdictional Discovery (Dkt. 18), as well as The ECL Trust and Hugh Wilson's (collectively, "Defendants") Response in Opposition (Dkt. 22). Upon careful consideration of Plaintiffs' Complaint (Dkt. 1), Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 10), and the parties' affidavits and other briefings (Dkt. 10-1; Dkt. 16; Dkt. 20; Dkt. 20; Dkt. 21), the Court grants limited discovery as follows.

## DISCUSSION

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v.*

*Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (internal quotations and citation omitted). "Where, as here, the defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (citation omitted). The Court must construe all reasonable inferences in favor of the plaintiff "[w]here the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits[.]" *Id.*

"The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citations omitted). First, the Court "must examine the jurisdictional issue under the state-long arm statute." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (citations omitted). Second, the Court "must ascertain whether or not sufficient minimum contacts exists to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (internal quotations and citations omitted). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Madara*, 916 F.2d at 1514.

When "issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.13 (1978). Such "limited discovery" should be granted "where the information the plaintiff seeks, if it exists, would give rise to jurisdiction." *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014). That said, there is "no absolute right to conduct jurisdictional discovery[.]" *Barboza v. Drummond Co.*, No. 06-61527-CIV, 2007 WL 8025825, at *7 (S.D. Fla. July 17, 2007) (internal quotations and citation omitted).

The Court finds that limited jurisdictional discovery is warranted. Florida Statute § 48.193(1)(a)(2) provides personal jurisdiction over individuals for any cause of action arising from tortious acts committed within Florida. Here, Plaintiffs accuse Defendants—an out of state individual and trust—of committing a tort in Florida (breach of fiduciary duty) by "grossly or recklessly mismanaging" a limited liability company that does significant business in the state. Dkt. 1 at 15; Dkt. 16 at 13–14. Mr. Lindberg further alleges, in his affidavit, that Defendants control this company "in a manner that makes it the agent of its subsidiary" and that Defendants are "authorized and exercise[] control and authority to 'vote in person or by proxy upon any securities,' including on matters related to [the company's] operations in Florida." Dkt. 16 at 14.

3

Defendants respond that "Plaintiffs' declaration offers only . . . conclusory statements[.]" Dkt. 20 at 2. Plaintiffs, however, are not in a position to substantially support these factual assertions without limited discovery. Further, if factual information tending to show that an agency relationship does exist, it may give rise to jurisdiction due to the connexity between Defendants' alleged conduct and Count IV. *See Meier*, 288 F.3d at 1272–73 (explaining that "if the subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction . . . then the subsidiary's business will be viewed as that of the parent" and that "[a]gency is not . . . limited to a parent-subsidiary relationship"). The Court therefore finds it most prudent to allow limited discovery on this issue.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiffs Motion for Limited Jurisdictional Discovery (Dkt. 18) is **GRANTED**.

(2) The parties may each conduct two depositions, not to exceed four hours apiece.

(3) Any requests for production shall be proportional and limited to Defendants' control over the subject limited liability company.

(4) Within seven days of this Order, the parties shall agree on, and submit, a schedule for completing the limited discovery described above.

**DONE AND ORDERED** at Tampa, Florida, on May 9, 2024.

>  */s/ William F. Jung*
>  **WILLIAM F. JUNG**
>  **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record